NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0733n.06

No. 10-6473

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FILED

*Oct 26, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID LAMONT MARSH,

      Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

_____/

Before:      BATCHELDER, Chief Judge; MARTIN and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. David LaMont Marsh appeals his conviction on the grounds that police obtained evidence through a traffic stop that was impermissible in length and scope. For the following reasons, we **AFFIRM**.

On the night of March 28, 2009, Marsh was a passenger in the car of Julius Johnson when Officer Frederick Nelson of the Nashville Police pulled them over for running a stop sign. Once stopped, Officer Nelson approached Marsh and Johnson and asked for their identification and Johnson's vehicle registration. Officer Nelson observed Marsh holding a "blunt" cigar, asked if there was anything illegal in the car, and inquired further if he could search the car. Johnson did not consent to a search. Officer Nelson radioed for a K-9 team and returned to his cruiser to check Johnson's vehicle records as well as write a citation.

After five to ten minutes, Officer Alex Moore, who was not part of a K-9 team, arrived on the scene while Officer Nelson was still writing the citation in his cruiser. Officer Nelson told Officer Moore that he had seen Marsh chewing something up and spitting it into a plastic bottle. According to Officer Moore, Officer Nelson also indicated that he thought there might be marijuana in the car. Officer Moore walked to the car to speak to Johnson and Marsh, shined a flashlight inside the car, and saw a green material on Marsh's shirt that Officer Moore believed to be marijuana. Officer Moore made this observation no more than fifteen minutes after the beginning of the traffic stop and while Officer Nelson was still writing the citation in his cruiser. Officer Moore asked Marsh to step out of the car and placed him under arrest. He then searched the passenger-seat area where he found a loaded handgun.

A grand jury indicted Marsh for one count of being a felon in possession of a firearm. He filed a suppression motion arguing that the traffic stop had lasted too long and that the search exceeded the scope of the traffic stop. The district court rejected his motion. Marsh later entered into a plea agreement whereby he pleaded guilty but preserved his right to appeal the ruling on the suppression motion.

On appeal, Marsh chiefly asserts that the police found the marijuana and handgun only because the traffic stop was impermissible in length and scope. He argues that police do not need fifteen minutes to conduct a traffic stop and write a citation, and that they cannot investigate the presence of drugs without a reasonable suspicion that they are present. "When reviewing decisions on motions to suppress, this Court will uphold the factual findings of the district court unless clearly erroneous, while legal conclusions are reviewed de novo." *United States v. Johnson*, 627 F.3d 578,

583 (6th Cir. 2010) (internal quotation marks and citation omitted). "Evidence should be viewed in the light most favorable to the district court's conclusion." *Id.* (internal quotation marks and citation omitted).

"An officer may stop and detain a motorist so long as the officer has probable cause to believe that the motorist has violated a traffic law." *United States v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009) (citation omitted). "To detain the motorist any longer than is reasonably necessary to issue the traffic citation, however, the officer must have reasonable suspicion that the individual has engaged in more extensive criminal conduct." *Id.* (citation omitted).

Even though fifteen minutes might have been atypically long for a traffic stop, the record does not show that it was longer than necessary to complete the tasks related to the stop. *Cf. id.* at 541 ("The proper inquiry is not whether [the defendant] was detained longer than the average speeder, but whether he was detained longer than reasonably necessary for the Officers to complete the purpose of the stop in this case."). During those fifteen minutes, Officer Nelson spoke to Johnson and Marsh, checked Johnson's record, and wrote a citation, which are permissible actions during a traffic stop. *See id.* ("In a traffic stop, an officer can lawfully detain the driver of a vehicle until after the officer has finished making record radio checks and issuing a citation." (internal quotation marks and citation omitted)). Marsh presents no evidence that Officer Nelson was stalling. He relies only on a subjective belief that this stop was just too long. However, the stop was not impermissibly long because the police did not "detain [Marsh] any longer than [wa]s reasonably necessary to issue the traffic citation." *See id* at 539.

Furthermore, it was not impermissible for Officer Moore to approach Johnson and Marsh even if he was looking for evidence of marijuana because doing so did not extend the stop. *See Arizona v. Johnson*, 129 S. Ct. 781, 788 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.") (citation omitted). Rather, Officer Moore approached the car and noticed marijuana on Marsh's shirt while Officer Nelson was still writing Johnson's traffic citation. From that point, Officer Moore had at least a reasonable suspicion that Marsh possessed marijuana and, thus, could search the passenger area where Marsh had been sitting and the handgun was found.

Additionally, Marsh claims that the district court's ruling was "insufficient," "erroneous," and premised upon erroneous factual findings. These claims are baseless and without merit.

We **AFFIRM**.